

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 8, 1951

Hon. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. V-1231

Re: Authority of the Liquor
Control Board to issue a
commission to take the
deposition of a witness on
application of a licensee
for use in a Board hearing
on license suspension or
cancellation.

Dear Sir:

　　Your request for an opinion from this office recites that a licensee has been cited to show cause why her license should not be cancelled or suspended. Her attorney has requested that the Liquor Control Board, or the Administrator, issue a commission to take depositions of a number of witnesses whose affidavits will be used before the Board so that licensee may thereby have an opportunity to cross-examine them.

　　You quote from Article 666-7, V.P.C., as the only known provision for the Board to take depositions. Your letter concludes:

　　"It is the opinion of the writer that the powers and authorities granted in the above section [Article] only apply when the Board, Administrator, or inspector is acting on behalf of the Board and undertaking to ferret out violations of the Act. It is my further opinion that the above quoted section [Article] does not contemplate nor authorize the Board, Administrator, or inspector to issue a commission authorizing the taking of depositions by a licensee nor could the Board enforce the attendance of any witnesses, except to appear before the Board, Administrator, or any inspector.

　　"Your valued opinion as to whether or not the Board, Administrator, or an inspector of the Board would be authorized to issue a commission in order for the above

licensee to examine or cross examine any particular witness will be greatly appreciated."

Article 666-7 provides:

"The Board, the Administrator, and any inspector under the direction of the Board, shall, for the purposes contemplated by this Act, have power to issue subpoenas, compel the attendance of witnesses, administer oaths, certify to official acts, take depositions within or without the State of Texas, as now provided by law, and compel the production of pertinent books, accounts, records, documents, and testimony.

"If a witness in attendance before the Board or one of its authorized representatives refuses without reasonable cause to be examined or to answer a legal or pertinent question, or to produce a book, record, or paper when ordered to do so by the Board, the Board may apply to the Judge of the District Court of any county where such witness is in attendance, upon proof by affidavit of the fact, for a rule or order returnable in not less than two (2) nor more than five (5) days, directing such witness to show cause before the Judge who made the order, or any other District Judge of said county, why he should not be punished for contempt; upon the return of such order the Judge before whom the matter shall come for hearing shall examine under oath such witness or person, and such person shall be given an opportunity to be heard;and if the Judge shall determine that such person has refused, without reasonable cause or legal excuse, to be examined or answer a legal or pertinent question, or to produce a book, record or paper which he was ordered to bring or produce, he may forthwith punish the offender as for contempt of court.

"Subpoenas shall be served and witness fees and mileage paid as in civil cases in the District Court in the county to which such witness shall be called. Witnesses subpoenaed at the instance of the Board shall be paid their fees and mileage by the Board out of funds herein appropriated." [Emphasis Supplied.]

The purpose of a hearing to determine the propriety of a cancellation or suspension of a license or permit is primarily to determine the true facts in order to guide the Board in taking proper action. Thus, in its capacity as an impartial tribunal, the Board should attempt within reasonable limits to procure all available evidence, both favorable and unfavorable to the licensee whose conduct or status is in question. One of the most effective methods of eliciting the whole truth from a truthful witness and of impeaching the testimony of an untruthful or irresponsible witness is by cross-examination. It is to the interest of the Board, where feasible, to foster the exercise of the technique of fair cross-examination of witnesses in matters before it to the end that the Board will arrive at a proper decision in each hearing.

The necessity for informality has to some extent modified the availability of opportunity to cross-examine witnesses in administrative proceedings, and relatively summary administrative action is usually upheld.

This does not establish an absence of intent on the part of the Legislature to empower the Board to provide for a more thorough and complete examination in conducting its quasi-judicial proceedings. On the contrary, Article 666-7 is designed to implement the Board's investigatory and regulatory responsibilities with power to require the production of evidence before it in much the same fashion as a court of law. The powers granted there are powers incident to the functions of a tribunal. The power to "take depositions," in our opinion, authorizes the Board to take whatever steps it deems appropriate to authorize the examination of witnesses who may not be available to appear in person at a hearing and to have the testimony reduced to written form for transmittal to the Board for its information.

Article 666-7 empowers the Board to take depositions within or without the State of Texas "as now provided by law." This means, in our opinion, that the Board may provide for the issuance of commissions for the taking of depositions in the same general manner as in court proceedings. Accordingly, the Board is authorized to order the taking of depositions at the instance of any party to a proceeding before it, just as a court may order the taking of depositions upon application of any party to a suit. The rule-making power of the Board affords ample authority on the part of the Board to modify deposition procedure

Hon. Coke R. Stevenson, Jr., Page 4 (V-1231)

to meet the peculiar requirements of administrative processes.

You suggest that Article 666-7 may only apply when the Board, Administrator, or inspector is acting on behalf of the Board and undertaking to ferret out violations of the Act. That is correct when it is considered that cancellation and suspension hearings are but an extension of the process of investigation by the Board or Administrator. An order to take a deposition is issued both on the authority of the Board and on behalf of the Board in furthering its duty to exhaust available sources of information. That the deposition action is initiated by an interested party does not make it any less an action on behalf of the Board. The efforts of interested parties, pro and con on the issue before the Board, often provide the Board with its most pertinent and forceful evidence.

You are therefore advised that the Board, its Administrator, or an inspector under the direction of the Board is authorized to issue a commission for the taking of a deposition in order for a licensee to examine or cross-examine a witness whose testimony is before the Board in affidavit form, or whose testimony may shed additional light on the investigation. We do not infer that depositions may be taken in any situation as a matter of right. The propriety of authorizing the taking of a deposition is a matter addressed to the sound discretion of the Board.

## SUMMARY

Article 666-7, V.P.C., empowers the Texas Liquor Control Board, in its sound discretion, to authorize the taking of a deposition of a witness to matters before it in a hearing to determine whether a liquor permit should be cancelled or suspended.

Yours very truly,

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By Ned McDaniel

Ned McDaniel
Assistant

NMcD:mf